Dear Mr. Macmurdo:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
As counsel for the Board of Elementary Secondary Education (BESE), you requested our opinion concerning former BESE board member Carson Killen. At the time you requested the opinion, Mr. Killen served as a member of the BESE board and was also appointed Executive Director of the Rural Development Council. You inquired whether the simultaneous holding of both positions was violative of any statutory provisions.
We are apprised that the outcome of the fall elections has made this point moot. Mr. Killen did not seek reelection on the BESE board, and Mr. Clifford Baker now holds this position. However, for your future reference, we address your inquiry as it raises a question concerning dual officeholding.
The Board of Elementary and Secondary Education is within the executive branch of government as defined by constitutional provision and statutory authority. See LSA-Const. Art. IV, § 1(A), and LSA-R.S. 42:62(6). Further, the office of the Executive Director of the Office of Rural Development has been placed by statute within the office of the governor, also within the executive branch of government as defined by LSA-Const. Art. IV, § 1(A) and LSA-R.S. 42:62(6). LSA-R.S. 3:314 provides, in part:
 "There is hereby created within the office of the governor an office of rural development. The head of the office shall be the director of rural development who shall be appointed by the governor to serve at his pleasure. The appointment shall be subject to Senate confirmation. . . ."
A BESE board member holds state elective office, while the executive director of rural development holds state appointive office. The Dual Officeholding and Dual Employment laws of the state prohibit the simultaneous holding of state elective office and state full-time appointive office. LSA-R.S. 42:63(C). However, the prohibition does not extend to the simultaneous holding of state elective office and state part-time appointive office where both positions fall within the same branch of government, absent any incompatibility. LSA-R.S. 42:63(C); LSA-R.S. 42:64. Therefore, in response to your inquiry, the decision turns upon whether the appointment as rural development director is a part-time or full-time appointment as defined by LSA-R.S. 42:62(4) and LSA-R.S. 42:62(5). We quote these statutory definitions for your reference:
 "(4) `Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) `Part time' means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time."
To repeat, if the appointment is part-time, the simultaneous holding of these positions is permissible. If the appointment is full-time, the simultaneous holding of these positions is prohibited by law.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0163E